UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KEYANNA FIELDS, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No. 4:18-CV-1973 RWS |
| ANDREW M. SAUL,<br>Commissioner of<br>Social Security Administration | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

Plaintiff Keyanna Fields brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Social Security Commissioner's ("Commissioner") decision to deny her applications for disability insurance benefits and supplemental security income. Because the Commissioner's decision is supported by substantial evidence on the record as a whole, I affirm the decision.

## **PROCEDURAL HISTORY**

On March 11, 2016, the plaintiff filed a Title II application for disability insurance benefits ("DIB") and a Title XVI application for supplemental security income ("SSI"). These claims were initially denied on May 19, 2016, and the plaintiff filed a written request for a hearing on June 1, 2016. The hearing was held

on February 20, 2018. The ALJ issued her decision denying the Plaintiff's applications on June 1, 2018. The plaintiff timely appealed, and the Appeals Counsel affirmed the ALJ's opinion. The plaintiff then timely filed this case seeking judicial review of the Commissioner's decision.

In this action for judicial review, Fields argues that the ALJ improperly excluded additional evidence provided on August 27, 2018 and that the ALJ's residual function capacity findings were not supported by substantial evidence.

**MEDICAL RECORDS AND OTHER EVIDENCE BEFORE THE ALJ**

The plaintiff, Keyanna Fields, has suffered from seizures since a car accident in 2004. [Tr. 328]. Additionally, plaintiff Fields suffers from obstructive sleep apnea and obesity. [Tr. 396-97].

At the hearing before the ALJ, Fields testified that she was 38 years old and lived with her two children. [Tr. 54, 60]. She also stated that here mother lived nearby to help her as necessary. [Tr. 70]. She also testified that she could cook, clean, and take care of herself and her children most days and that she only has difficulty when she has seizures [Tr. 70-72], which occur on average less than once a month. [Tr. 75].

According to the record, the plaintiff has made frequent visits to her doctors through out the relevant time period, these visits were primarily focused on her seizure disorder. Her treatment for the seizure disorder involved the use of multiple

2

high-risk medications. Although she was generally compliant with the doctors treatment program, she did fail to take her medications as prescribed on several occasions, which increased her risk of seizure. [Tr. 580]. She is also prohibited from driving because of her seizures and only drives occasionally to bring her son to the doctor or get groceries. [Tr. 55-60]. In addition to her treatment for the seizures, the plaintiff uses a CPAP machine to manage her obstructive sleep apnea, which she was diagnosed with on March 19, 2016 [Tr. 396-97].

In addition to reviewing the transcript of the administrative proceedings and the medical records provided, I reviewed the statements of fact provided by the parties. The plaintiff did not provide any citations to the record in her statement of facts. ECF No. [6]. The Commissioner provided a more detailed recitation of the facts that cites to the administrative record. ECF No. [19-1]. Additionally, although the Commissioner's statement of facts contradicts a few of the assertions made in the plaintiff's statement of facts, it provides a fair and accurate description of the relevant record before me. Accordingly, I adopt the Commissioner's Statement of Material Facts ECF No. [19-1] as uncontroverted by Fields.

## ALJ DECISION

The ALJ first found that Fields met the insured status requirements through December 31, 2017, and that the plaintiff had not engaged in substantial gainful activity since November 24, 2014. The ALJ then determined that the plaintiff

3

suffered the severe impairments of a seizure disorder, obesity, and obstructive sleep apnea, but that these impairments did not meet or medically equal the severity of one of the listed impairments in 10 CFR Part 404. Therefore, the ALJ had to determine the plaintiff's residual functional capacity ("RFC") and ability to work.

Based on her consideration of the record, the ALJ found that the plaintiff had a RFC to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) but with the following limitations: occasional climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; occasional balancing; no work at unprotected heights; no work around moving mechanical parts or dangerous objects; no work around open fires; no work that requires swimming; never operating a motor vehicle; and never working in extreme cold or heat. Based on this RFC, the ALJ found that the Plaintiff could perform her past relevant work of being a companion, as well as other jobs existing in sufficient numbers in the national economy. Accordingly, the ALJ denied the plaintiff's applications because she found that she was not under a disability as defined in the Social Security Act.

## LEGAL STANDARD

To be entitled to disability benefits, a claimant must prove that they are unable to perform any substantial gainful activity due to a medically-determinable physical or mental impairment that would either result in death or which has lasted

4

or could be expected to last for at least twelve continuous months. 42 U.S.C. § 423(a)(1)(D), (d)(1)(a). To determine whether claimants are disabled, the Commissioner evaluates their claims through five sequential steps. 20. C.F.R. § 404.1520; Pate-Fires v. Astrue, 564 F.3d 935, 942 (8th Cir. 2009) (describing the five-step process).

Steps one through three requires that the claimant prove (1) she is not currently engaged in substantial gainful activity, (2) she suffers from a severe impairment, and (3) her disability meets or equals a listed impairment. 20 C.F.R. § 404.1520(a)(4)(i)-(iii). If the claimant does not suffer from a listed impairment or its equivalent, the Commissioner's analysis proceeds to steps four and five. Step four (4) requires the Commissioner to consider whether the claimant retains the RFC to perform her past relevant work . Id. at § 404.1520(a)(4)(iv). The claimant bears the burden of demonstrating she is no longer able to return to her past relevant work. Pate-Fires, 564 F.3d at 942. If the Commissioner determines the claimant cannot return to past relevant work, the burden shifts to the Commissioner at step five to show the claimant retains the residual functioning capacity (RFC) to perform other jobs that exist in significant numbers in the national economy. Id.; 20 C.F.R. § 404.1520(a)(4)(v).

The ALJ is required to evaluate the credibility of a claimant's testimony, including the claimant's subjective complaints of pain. Holmstrom v. Massanari,

5

270 F.3d 715, 721 (8th Cir. 2001). In so doing, the ALJ is not permitted to ignore the claimant's testimony even if it is inconsistent with objective medical evidence. Basinger v. Heckler, 725 F.2d 1166, 1169 (8th Cir. 1984). After considering the claimant's testimony, the ALJ may disbelieve it if it is inconsistent with the record as a whole. Battles v. Sullivan, 902 F.2d 657, 660 (8th Cir. 1990). To properly evaluate the claimant's subjective complaints, the ALJ must consider the factors enumerated in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984):

> [The] claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions.

Id. at 1322. While the ALJ must consider the Polaski factors, she need not enumerate them specifically. Wildman v. Astrue, 596 F.3d 959, 968 (8th Cir. 2010). When the ALJ explicitly disbelieves the claimant's testimony and gives good reasons for such disbelief, a reviewing court will typically defer to the ALJ's finding. Casey v. Astrue, 503 F.3d 687, 696 (8th Cir. 2007). However, the ALJ retains the responsibility to develop the record fully and fairly in the course of the non-adversarial administrative hearing. Hildebrand v. Barnhart, 302 F.3d 836, 838 (8th Cir. 2002).

In reviewing the ALJ's denial of Social Security disability benefits, my role is to determine whether the Commissioner's findings comply with the relevant legal requirements and are supported by substantial evidence in the record as a whole. Pate-Fires, 564 F.3d at 942. "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Id. In determining whether the evidence is substantial, I must consider evidence that both supports and detracts from the Commissioner's decision. Id. As long as substantial evidence supports the decision, I may not reverse it merely because substantial evidence exists in the record that would support a contrary outcome or because I would have decided the case differently. See Johnson v. Astrue, 628 F.3d 991, 992 (8th Cir. 2011). I must "defer heavily to the findings and conclusions of the Social Security Administration." Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir. 2010) (internal citation omitted).

## DISCUSSION

The plaintiff's arguments focus on the Appeals Council's failure to consider the additional evidence provided by the plaintiff and on the ALJ's RFC determination, which she implies is not supported by substantial evidence.

7

## New Evidence

The plaintiff submitted additional evidence to the Appeals Council in August of 2019, after the ALJ issued its decision. [Tr. 13]. The Appeals Council considered the new evidence and determined the medical records dated June 12, 2018 were outside the relevant time period and found that the other medical records, dated July 18, 2017 and December 6, 2017, did not show a reasonable probability that they would change the outcome of the decision. [Tr. 2].

Social Security regulations provide that the Appeals Council must evaluate the record as a whole, including any new and material evidence that relates to the period before the date of the ALJ's decision. Cunningham v. Apfel, 222 F.3d. 496, 500 (8th Cir. 2000). Therefore, the new evidence becomes part of the administrative record, even though it was not originally included in the ALJ's record. Id. If the Appeals Council finds the ALJ's decision contrary to the weight of evidence, it reviews the decision. Id. In this case, the Appeals Council did not review the decision because the new evidence was either outside the relevant time period or did not reasonably show that it would change the outcome of the case. [Tr. 2]. In such a case, I do not review the Appeal's Counsel decision to deny review, but rather determine if the ALJ's decision was supported by substantial evidence on the record as a whole, including the new evidence. Davidson v. Astrue, 501 F.3d 987, 990 (8th Cir. 2007).

In this case the Appeals Counsel did not consider the medical records from June 12, 2018 because they post-dated the ALJ's decision. But the date of an examination is not dispositive of whether evidence is material. Cunningham v. Apfel, 222 F.3d. 496, 500 (8th Cir. 2000). Medical exams performed after the ALJ decision are material if they relate to the claimants condition on or before the date of the ALJ exam. Id. In this case the June 12, 2018, medical record includes information about Fields condition prior to the June 1, 2018 decision, so it will be considered as part of the administrative record. Similarly, the medical records from July and December 2017 relate to the plaintiff's condition prior to the date of the ALJ's decision. Accordingly, I will consider them as part of the administrative record.

## RFC Determination

The plaintiff also argues that the ALJ's determination of her RFC is not supported by substantial evidence. ECF No. [6, 13]. Specifically, the plaintiff argues that she does not have the RFC to perform "light work" with additional limitations.

"Light work" is defined in the regulations as involving "lifting no more than twenty (20) pounds at a time with lifting or carrying of objects weighing up to ten (10) pounds." 20 C.F.R. § 404.1567(b). "Light work" also requires the ability to walk and stand or sit with some pushing or pulling of arm or leg controls. Id. The

ALJ found that the plaintiff could generally perform these activities with the following additional limitations: no driving; only occasional climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; only occasional balancing; no work at unprotected heights ; no work around moving mechanical parts or dangerous objects; no swimming; and no work around open fire.

The ALJ's decision is supported by substantial evidence. The ALJ considered the plaintiff's subjective allegations of disability symptoms, as well as the relevant medical evidence and opinions.

Based on the evidence before her, the ALJ gave great weight to the treating physician's list of environmental limitations, but little weight to her assessment of how many days of work the plaintiff would miss each month. [Tr. 39]. The ALJ found the treating physician's opinion that Fields would miss on average more than four days per month inconsistent with the record as a whole. [Tr. 39]. The ALJ points to specific evidence in the transcript supporting this conclusion. [Tr. 39]. In particular, she notes the plaintiff suffered less than one (1) seizure per month during the relevant period and testified that she had about one (1) seizure per month. [Tr. 39]. Additionally, the ALJ notes that the periods with increased seizure activity were precipitated by the Plaintiff's non-compliance with her medication. [Tr. 39] See also [Tr. 14, 576, 580]. The ALJ also cites to the plaintiffs testimony

that her daily activities include cooking and cleaning and that she can do "everything if [she is] not sick." [Tr. 38-39] *citing* [Tr. 71].

The additional evidence provided by the plaintiff does not provide any new information that would tip the scales in the plaintiff's favor. Although the medical notes from July and December 2017 and June 2018 indicate better compliance, they also support the ALJ's conclusion that the plaintiff has less than one seizure per month. According to these records the plaintiff had three (3) seizures in 2017 and only one (1) in the first half of 2018. [Tr. 13-30]. This supports the ALJ's decision to discount the treating physician's opinion that Fields would miss on average more than four days per month. Additionally, the new evidence does not indicate that the plaintiff would be unable to perform light work with the additional limitations.

As shown above, the ALJ's determination was based on substantial evidence. Therefore, I must affirm the decision. Although the plaintiff points to evidence that may detract from the ALJ's decision, I cannot reverse the determination simply because I "would have reached a different conclusion than [the Commissioner] or because substantial evidence supports a contrary conclusion." See Igo v. Colvin, 839 F.3d 724, 728 (8th Cir. 2016) (citing Blackburn v. Colvin, 761 F.3d 853, 858 (8th Cir. 2014)); Goff, 421 F.3d at 789 (citing Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001)).

## CONCLUSION

The ALJ's determination that Plaintiff is not disabled is supported by substantial evidence. The ALJ's written decision is clear, well-reasoned, and complies with the relevant laws and regulations.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is affirmed, and Plaintiff's complaint is **DISMISSED** with prejudice.

A separate judgment is issued herewith.

/s/ Rodney W. Sippel<br>
RODNEY W. SIPPEL<br>
UNITED STATES DISTRICT JUDGE

Dated this 12th day of November 2019.